UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTOINE G. MALONE, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-899-DRL-MGG |
| ST. JOSEPH COUNTY JAIL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Antoine G. Malone, Sr., a prisoner without a lawyer, filed a complaint (ECF 1) against St. Joseph County Jail and Beacon Medical Group. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Malone, who is housed at the St. Joseph County Jail, alleges that on June 26, 2019, after he was booked into the jail late at night and placed in A-Pod, he went to sleep and had a seizure. ECF 1 at 2. He states that when he woke up three days later he was shackled to a bed at Beacon Medical Group, the jail's offsite medical provider. *Id.* Mr. Malone asserts that a doctor told him that he had been in an induced coma and medical tests had been done to determine the cause of the seizure. *Id.* Mr. Malone asserts, however, that the induced coma and medical tests were unauthorized. *Id.*

Mr. Malone states that, after he was cleared to return to the jail, he was placed in a side cell for disciplinary reasons. *Id.* He claims this placement was improper because he was never given a conduct report and he had not done anything wrong that would warrant this placement. *Id.* Mr. Malone states

that several days later he was taken to segregation and housed there for 17 days. *Id.* As he was being escorted to segregation, he asked Deputy Bird why he was being placed in segregation and she told him it was because he tried to "swallow a bag of dope." *Id.* at 2-3. Mr. Malone told Deputy Bird that he had not tried to swallow a bag of dope and he had just returned from the hospital where he had been in an induced coma because he had a seizure. *Id.* at 3. He asserts that she then told him that his placement in segregation must be the result of something he had done the last time he was at the jail. *Id.* Mr. Malone explained to Deputy Bird that he had not been at the jail for three years and he had never received a conduct report there. *Id.* Furthermore, he states that he also spoke to Deputy Brooks about the placement, but she simply reiterated what Deputy Bird had already told him. *Id.*

In sum, Mr. Malone seems to claim that he did not receive adequate medical care because, after he returned to the jail, he was physically unstable as he had bitten off parts of his tongue and his brain functioning "was off." *Id.* He asserts he asked for help, but the deputies and medical staff had "no answers" for why his health was worse than when he entered the jail. *Id.* Moreover, he asserts that he has been mishandled and mistreated by the jail's deputies and medical staff. *Id.*

While his allegations are concerning, Mr. Malone has not stated a claim against the defendants he has named in this lawsuit. First, Mr. Malone has sued the St. Joseph County Jail; however, the St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Thus, he cannot proceed against this defendant.

Mr. Malone also has named Beacon Medical Group as a defendant. Beacon Medical Group is a private company that provides medical care for prisoners. Here, he attempts to hold the company liable because it employs the medical staff. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Because Mr. Malone's complaint against

Beacon Medical Group is based only on Beacon's medical staff's lack of treatment, he has not stated a claim against Beacon.

While the complaint does not state a claim, Mr. Malone will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Antoine G. Malone, Sr.;

(2) GRANTS Antoine G. Malone, Sr., until **July 15, 2020** to file an amended complaint on that form; and

(3) CAUTIONS Antoine G. Malone, Sr., that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

June 15, 2020                                                        *s/ Damon R. Leichty*
                                                                              Judge, United States District Court